*Dominique Varner*   TBA #00791182/FIN 18805
*Kristen Baker*   TBA #24073881
*Michael Weems*   TBA #24066273
HUGHES, WATTERS & ASKANASE, L.L.P.
333 Clay 29th Floor
Houston, Texas 77002
*Telephone (713) 759-0818*
*Telecopier (713) 759-6834*
ATTORNEYS FOR BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY

ENTERED
09/18/2013

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 12-70264** |
| **ELIZABETH RAMIREZ** | § | **(Chapter 13)** |
| | § | |

CHAPTER 13
AMENDED AGREED ORDER CONDITIONING AUTOMATIC STAY (HOME)
(This Order resolves Docket #61)

1. This Order concerns the Note that is secured by the Debtor(s)' home and that is held, directly or in its capacity as agent for the holder, by BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY, ("Movant"). The property that is the subject of this Motion is 118 EAST DIAZ PHARR, TEXAS 78577

**ALL OF LOTS 5 AND 6, BLOCK 190, CAGE SUBDIVISION, AN ADDITION TO THE CITY OF PHARR, HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAP RECORDED IN VOLUME 13, PAGE 50, MAP RECORDS, IN THE OFFICE OF THE COUNTY CLERK OF HIDALGO COUNTY, TEXAS, REFERENCE TO WHICH IS HERE MADE FOR ALL PURPOSE.**

Notices sent pursuant to this Order must be sent to Movant at 4425 PONCE DELEON BLVD. 5TH FLOOR CORAL GABLES, FL 33146 (if to Movant"), OSVALDO J MORALES, III, 2005 N. CONWAY STE B MISSION, TEXAS 78572 (if to Debtors' Attorney) and to ELIZABETH RAMIREZ, and BALDOMERO RAMIREZ, 111 E. DIAZ AVE. PHARR, TEXAS 78577 (if to Debtor) and to the Chapter 13 trustee serving in this case at the address shown on the Court's docket.

2. *By signing below, the Debtor(s) represent to the Court that the Debtor(s):*

*A. If they are a salaried or wage employee, are currently operating under a wage order or have submitted all information to the chapter 13 trustee for the presentation of a wage order to the Court.*

*B. If they are not a salaried or wage employee, are currently operating under an automated clearinghouse order or have submitted all information to the chapter 13 trustee for the presentation of an automated clearinghouse order to the Court.*

AO to MFR-Southern:2747203_INTER4219

3. The parties stipulate that unpaid amounts due post-petition total $3,862.12 (APRIL 2013 - JULY 2013) and that Movant should be awarded attorney's fees and costs in the amount of $650.00 (not to exceed $676.00), Debtor has a suspense of <-$698.10>, for a total post-petition amount owed of $3,814.02. (This total is referred to as the Delinquent Payment Amount). The Delinquent Payment Amount will be reduced by any payments previously made by the Debtor(s) that have not been properly credited by Movant. Proof of any such payments must be provided to Movant within 30 days of the date of entry of this Order. Within 30 days after entry of this Order, the Debtor(s) must either (i) pay the Movant the Delinquent Payment Amount; or (ii) file a proposed modification of any confirmed plan or must amend any proposed plan to include the Delinquent Payment amount, with interest at an annual rate of 10.00%; provided, that if no amount is due, no modification must be filed. If the Debtors are required to file a modification or pay the Delinquent Payment Amount and fail to do either, it is a Final Default under this Order. At the hearing on modification of the plan, the Debtors must be current on all payments to the chapter 13 trustee pursuant to the terms of the proposed modification. If the Debtors are not current, it is a Final Default under this Order.

4. The Debtor(s) must:

A. Timely make all regular payments concerning the Property, including all payments of principal, interest and escrows, beginning with the next regular payment due on August 1, 2013. If the plan is modified, payments should be made through the Chapter 13 Trustee in accordance with the Chapter 13 Trustee's mortgage payment procedures (unless otherwise ordered by the Court). If the plan is not modified, payments should be made directly to Movant at 4425 PONCE DELEON BLVD. 5TH FLOOR CORAL GABLES, FL 33146.

B. Maintain insurance and pay all ad valorem taxes on the property and provide continuous proof of insurance and payment of ad valorem taxes to the holder of the note. This provision does not apply to escrowed taxes and insurance, payment of which is governed by paragraph 4A.

C. Timely make all post-petition payments which are secured by the Property and which are required to be made to any community or homeowners association or pursuant to any condominium or townhome declaration.

D. Make all payments due to the Chapter 13 Trustee after the date of this Order, with the amount of such payments being made in the amount required under the proposed modification.

5. If the Debtor(s) fail to comply with paragraph 4 of this Order or make a payment by insufficient check, the Movant must give the Debtor(s) and Debtor(s)' counsel written notice by regular and by certified mail. If the Debtor(s) fail to comply within 14 days of the date that notice was sent, it is a Final Default under this Order. Movant is only required to send two

notices of default under this order.  If there is a third failure to comply with paragraph 4, it is a Final Default and no further notice of an opportunity to cure must be given.

      6.   The automatic stay remains in effect until (i) there is a Final Default under this order; (ii) this case is dismissed; or (iii) the Debtor(s) receive their bankruptcy discharge.  If the stay terminates because there is a Final Default, the Movant must file a notice of termination of the automatic stay.  The Debtor may challenge any notice of termination by filing a motion to set aside the notice of termination.  The motion must be filed within 14 days of the filing of the notice of termination.  Pending consideration of the motion by the Court, the Movant may proceed with all actions preparatory to foreclosure, but may not consummate a foreclosure of the Property.  Any co-debtor stay terminates at the time that the automatic stay terminates.

      7.   If the Court denies approval of a Modification proposed by the Debtor(s), the Court will reconsider Movant's requested relief from the stay.  In such an event, the Movant should calendar the reconsideration for a hearing on a § 362 hearing date after the expiration of 14-days from the date on which approval of the proposed modification is denied.

September 18, 2013

So ORDERED this _____ day of _____, 2013.

_____
Honorable Richard S. Schmidt
United States Bankruptcy Judge

AO to MFR-Southern:2747203_INTER4219

AGREED AND ENTRY REQUESTED:

_____
Movant's Counsel Signature
HUGHES, WATTERS & ASKANASE, L.L.P.
Dominique Varner    TBA #00791182/FIN 18805
Kristen L. Baker    TBA 24073881
Michael Weems       TBA #24066273
333 Clay 29th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Fascimile: (713) 759-6834
Email: mlw@HWALLP.COM
ATTORNEY FOR MOVANT

_____
Debtor(s)' Counsel Signature
OSVALDO J MORALES, III
2005 N. CONWAY
STE B
MISSION, TEXAS 78572
Telephone: 956-584-1081
Fascimile: 956-584-1844
ATTORNEY FOR DEBTOR(S)

AO to MFR-Southern:2747203_INTER4219